1806.

MALLORY
*v.*
ASPIN-
WALL.

## Hempstead *v.* Bird.

### In the Court below,

ROBERT BIRD, HENRY M. BIRD, and BENJAMIN SAVAGE, *Plaintiffs ;* JOSHUA HEMPSTEAD, and JOHN I. CLARK, *Defendants.*

THIS was an action of trespass for the ship *Ocean.*

The plaintiffs stated, that they had advanced sundry large sums of money to *Gurdon I. Miller ;* and, as security therefore, *Miller* assigned to them this ship, by an intsrument in nature of a bottomry bond,—granting them the exclusive right to her during a voyage from New-York to New-London, and thence to London : That the plaintiffs received the ship, put on board a master, expended money in repairs, and proceeded with her to New-London, where the defendants seized and detained her thirty days ; whereby the voyage was delayed, and they put to great expense, &c.

In an action of trespass, by A. for a ship, he cannot, to aggravate damages, be permitted to prove, that a writ of replevin, taken out by B. in his own name, for the ship, was, in fact, procured by A. for his benefit—especially, when this is not stated as a ground of damages in the declaration.

Whether, in case the subscribing witnesses of a bond live in another state, the acknowledgment and hand-writing of the obligor may be proved?

Whether the defendant can avail himself of the bankruptcy of one of the plaintiffs on a motion in arrest ?

Whether the Court may direct a party to strike out part of a motion in arrest, because it is an attempt to re-examine the weight of evidence ?

This case had formerly been before this Court ; (a) when the judgment of the Superior Court was reversed, and the cause remanded. In January, 1805, on trial, upon the general issue, it appeared, that the ship was attached at the suit of *Clark*, by the defendant *Hempstead*, as the property of *Gurdon I. Miller ;* and the plaintiffs, as a ground of damages, offered to prove, that, to regain possession of the ship, they prayed out a writ of replevin, in the name of *G. I. Miller*, and procured *John S. Miller* and *Christopher Leffingwell* to give bond upon the replevin ; and that the plaintiffs had procured bonds of indemnity against the replevin bond to be executed to *J. S. Miller* and *Leffingwell.* The witnesses to the last bond living in New-York, the plaintiffs offered to prove the hand-writing of some of them ; and the acknowledgment of others, that they had signed it. They also offered to prove the amount of execution obtained by *Clark* against *G. I. Miller ;* and that *Clark* had brought a suit upon the replevin bond. This evidence was objected to, but the objections were over-ruled, and the evidence admitted. A verdict being found for the plaintiffs, the defendants filed their bill of exceptions.

The defendants also moved in arrest of judgment, on the ground, that during the pendency of the suit, *Robert Bird*, one of the plaintiffs, had become bankrupt. This fact had been, upon the defendants' motion and suggestion, found by the Court, and entered upon the record. But, by the motion in arrest only, did it appear, that his effects had been assigned.

The defendants also recited the bottomry bond, the register, and the indorsement thereon, with the rest of the evidence of the plaintiffs' title ; and made the same part of their motion in arrest. To this the plaintiffs objected, as an attempt to examine the *weight* of testimony laid before the jury ; and the Court ruled, that it was inadmissible. To this, also, exceptions were taken, and certified.

(a) *Ante, vol. I. p.* 91.

*R. Griswold,* and *A. Spalding,* for the plaintiffs in error.

1. One of the plaintiffs was a bankrupt, before judgment. If such a person could pursue actions in his own name, he would gain an advantage at the expense of his creditors. A bankrupt is, as to all civil purposes, dead ; and judgment can no more be given for him, than for one literally dead. Nor is it necessary to shew, that his effects were assigned ; for he might have had none ; nor need he have received his certificate. The case of *Webb* v. *Fox* (b) proceeds upon the principle, that he had been in the lawful possession of the effects demanded *since the act* of bankruptcy.

2. From a full view of the record, it will appear, that the ship was, by a bottomry bond, mortgaged to the plaintiffs. They held it to secure a debt. If, under such circumstances, the interest of the mortgagor cannot be attached, the most mischievous conseqences would follow. Vessels would be pledged for a small part of their value, and be out of the reach of legal process from the creditors of the real owner. If the holder of the bond has a fair claim, it must be paid by the attaching creditor. In this way only can the right of all be preserved ; and no injury will result to any.

3. The replevin bond ought not to have been admitted in evidence, first, because it was a process between different parties. *Clark* could have no knowledge, that men not named in it could claim the benefit of it ; and, consequently, could not be prepared to resist it. But for what purpose was it admitted ? To enable *Bird, Savage & Bird* to recover as much from *Clark,* as *Clark* recovered upon the bond ; and in this way, *Clark* completely loses, not merely his security, but his debt. For, by the judgment upon the bond, *Miller* will always have record evidence of the payment of his debt to *Clark.*

(b) 7 *Term Rep.* 391.

Secondly, this declaration contains no averments, which will justify collateral circumstances to be given in evidence, in aggravation of damages ; and things not of themselves actionable should have been stated, if they were to be made a foundation for damages. But there is not the usual clause *alia enormia* in this declaration. (*c*) If they claimed the benefit of this replevin, made in the name of *Miller*, they should have stated it in their declaration, that *Clark* might have been prepared to meet it.

Thirdly, by no parol testimony could they have proved this to have been the replevin of the plaintiffs ; because the statute makes it proper for the party to the original process only ; and if a stranger may not directly become a party to the replevin he cannot thus indirectly. These men are estopped to say, that the covenants in the writ of replevin are not true.

4. The Court ought to have received the motion in arrest, even if it is admitted, to have been insufficient ; as the party pleads at his peril, he must be allowed to place upon the record any thing consistent with decency and propriety. The Court are only to decide as to its legal effect, when it comes before them.

5. The evidence from comparison of hands should not have been admitted. And this cannot be considered as immaterial evidence, when an increase of damages was claimed in consequence of it. If evidence from that bond was at all applicable to the issue, the best evidence should have been produced. And this is not a technical rule. No rule of evidence is merely technical ; it is a disgrace to the system to suppose it. Here, the time of the execution of this bond was highly important; and that could not be known from the fact, that it was signed by the obligors. They have, in England, dispensed with calling the subscribing witness, when in a foreign country, in the East-Indies, or beyond

(*c*) *Bul. N. P.* 89.   *Peake's Ca.* 62, *Pettis* v. *Addington.*

sea ;—but not merely because he was in Ireland. This case is not, therefore, within that class of cases. No part of the union can be considered as a foreign country. The constitution has made us one nation. Formerly, a justice of the peace could not send for a witness in a case before him, if such witness lived out of his county.—But was it ever supposed, that the evidence of a subscribing witness might, therefore, be dispensed with ? As to the view, taken by the Court, of this case, when formerly before them, it is sufficient to remark, that they found error upon one point; and they then probably remanded the case without further examination.

*Daggett*, and *Goddard*, for the defendants in error.

1. If the defendants would have taken advantage of the bankruptcy of one of the plaintiffs, they should have pleaded it in abatement. But to have availed themselves of this fact, in any stage, they ought to have stated, that he was an uncertificated bankrupt, and that his effects had been assigned. But there is nothing which appears, relative to the bankruptcy, except from the mere suggestion of the defendants. And they might as well have suggested, that the plaintiffs had no cause of action, and then moved in arrest of judgment, and founded the motion on such suggestion.

2. The Court had a right to direct part of the motion in arrest to be taken back. The Court always have exercised, and always must have, a discretionary power as to the pleadings. If a plea in abatement should be put in after verdict, no one will pretend, that the Court are bound to receive it. And surely, this Court will not remand this case, for the purpose of having a motion placed upon the record, which, the party admits, is insufficient.

3. The bond, &c. were properly admitted in evidence. It is clear, that this ship ought not to have been taken from the plaintiffs, to pay *Miller's* debts ; and the plaintiffs could re-

gain the possession only by a writ of replevin. The defendants say, that we might have substituted an action of trespass for this replevin. We might, in that way, have recovered the *value of the property*, after awaiting the slow progress of a lawsuit ;—but even then we should not regain the possession. He who does an illegal act is answerable for all the consequences ; and though upon a general declaration, acts not stated, which of themselves constitute a ground of action, may not be given in evidence,—yet things not actionable in themselves may be given in evidence. The question as to the admission in evidence of this bond was before the Court formerly, and much laboured ; and as the judgment was reversed upon another point, we have a right to suppose, that upon this point the opinion of the Court was with us.

4. It is said, that these facts were proved by improper evidence. Some of the testimony may have been unnecessary ; but perhaps not therefore, necessarily illegal. The necessity of calling the subscribing witnesses to a bond, was discussed in *Abbot* v. *Plumb* ; (*e*) and Lord MANSFIELD there calls it a *technical rule*, and the objection a captious one.

Our Courts have never refused to hear the confession of a party to the execution of a bond. Even the Courts in Great-Britain have been constantly relaxing the rule. (*f*) Where the subscribing witness is out of the *jurisdiction* of the Court, the hand-writing of the party may be proved. (*g*) And these are cases where the suit is upon the bond, and not where the execution is merely a collateral question. If a commission must be taken out, whenever the witness is out of the state, the expense of a suit would frequently exceed the sum demanded.

(*e*) *Doug.* 215.
(*f*) 5 *Term Rep.* 371, *Swire* v. *Bell.*
(*g*) 2 *East* 250, *Prince* v. *Blackburn.* 1 *Lex. Merc. Amer.* 227. 1 *Bos. & Pul.* 360, *Wallace* v. *Delany.* *Doug.* 93, *Coghlan* v. *Williamson.* *Peake's Ca.* 99, *Holmes* v. *Pontin.*

BY THE COURT. 1. The evidence ought not to have been admit ed. The writ of replevin must be regarded, as it purports to be, a writ in the name and favour of *Gurdon I. Miller*, sued out by him, to reclaim into his own possession, out of the custody of the law, the ship *Ocean*, being his estate attached at the suit of *Clark*. And the replevin bond, substituted as a pledge, in lieu of the estate attached, to respond judgment in that suit, must be regarded, as it purports to be, a bond entered into, at the instance of *Miller*;—and the obligors in the bond to be, as they are therein declared to be, the sureties of *Miller*. By the writ of replevin, the ship *Ocean* is avowed to be the estate of *Miller*, taken out of his possession, by the writ of attachment; and the object of the writ, and the command therein to the officer, are to replevy the ship out of his hands, and the custody of the law, into the hands and possession of *Miller*. In obedience to this precept, on its execution, to him must the estate attached be delivered. The defendants in error are not to be permitted to aver, that they prayed out the writ of replevin, and procured the replevin bond; and therein avowed the ship *Ocean* to be the estate of *Miller*; and, in this action, to give those documents in evidence, on the ground that the estate attached belonged to them, and they had a right to possess it, and that the writ of replevin was obtained and replevin bond given, and used, as means, under colour of law, for them to get the estate attached out of the custody of the officer, into their own hands.

2. In the declaration, there is no averment of the ship *Ocean* having been attached, or replevied; they are not stated as grounds of injury, or of special damage; which, in the opinion of the Court, ought to have been done, to have entitled the plaintiffs in the original action to damages on that account, if such damages could, by law, be recovered. On this ground, also, the evidence was inadmissible, in this action.